Citation Nr: 1456906 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-16 133 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for a right shoulder disability, claimed as residuals of a right scapula injury. 

2. Entitlement to service connection for a right knee disability, to include as secondary to service-connected degenerative arthritis of the lumbar spine.

3. Entitlement to service connection for a left knee disability, to include as secondary to service-connected degenerative arthritis of the lumbar spine.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

K. Hughes, Counsel

INTRODUCTION

The Veteran served on active duty from January 1983 to January 1986. 

This appeal to the Board of Veterans' Appeals (Board) arises from a March 2009 rating decision of the Houston, Texas Department of Veterans Affairs (VA) Regional Office (RO). 

The matters of service connection for bilateral knee disabilities are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran's right scapula complaint in service resolved without residual pathology; acromioclavicular arthritis was not manifested in the first postservice year; and any current right shoulder disability is not shown to be related to the Veteran's service.


CONCLUSION OF LAW

The criteria for service connection for a right shoulder disability, claimed as residuals of a right scapula injury, have not been met. 38 U.S.C.A. §§ 1131, 5107 (West 2014), 38 C.F.R. §§ 3.102, 3.159, 3.301, 3.303, 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions as to the claim of service connection for residuals of a right scapula injury addressed herein. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326. A November 2008 letter satisfied the duty to notify. 

Regarding the duty to assist, pertinent records from all relevant sources identified by the Veteran, and for which he authorized VA to request, have been associated with the claims folder. 38 U.S.C.A. § 5103A. No outstanding evidence has been identified that has not otherwise been obtained. The Veteran was afforded VA examination of the shoulder and arms in December 2011. This examination is adequate; it was conducted by a medical professional who reviewed the claims file, solicited history from the Veteran, performed a thorough examination, and provided an opinion supported by a rationale. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

In sum, there is no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the adjudication of this claim. See 38 C.F.R. § 3.159.

Legal Criteria, Factual Background, and Analysis

Initially, it is noted that the Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting its decision, there is no requirement that the Board discuss every piece of evidence in the record. Rather, the Board will summarize the relevant evidence, as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claims. See Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000).

Service connection may be granted for disability due to disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. A disability may be service connected if shown to be of a chronic nature in service, or if not chronic, then seen in service with continuity of symptomatology demonstrated after discharge. 38 C.F.R. § 3.303(b). Disorders diagnosed after discharge may still be service connected if all the evidence establishes that the disorder was incurred in service. 38 C.F.R. § 3.303(d).

To substantiate a claim of service connection, there must be evidence of: A current disability; incurrence or aggravation of a disease or injury in service; and a nexus between the claimed disability and the disease or injury in service. See Shedden v. Principi, 381 F.3d 1163, 1166-1167 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and an evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a).

Certain chronic disabilities (to include arthritis) may be service connected on a presumptive basis if manifested to a compensable degree within a specified period of time following discharge from active duty (one year for arthritis). 38 U.S.C.A. §§ 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

Competency is a legal concept in determining whether medical or lay evidence may be considered, in other words, whether the evidence is admissible as distinguished from weight and credibility, a factual determination going to the probative value of the evidence, that is, does the evidence tend to prove a fact, once the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997). 

Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159. Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer a medical diagnosis, statement, or opinion. 38 C.F.R. § 3.159.

STRs show that in December 1984, the Veteran reported lower back and right scapula pain after falling down stairs and landing on his back. The assessment was "lower and right scapula back pain." Subsequent STRs contain no further mention of right shoulder complaints, including the right scapula. Further, April 1986 and July 1988 civilian examination reports show that the upper extremities and musculoskeletal structure were clinically normal and the Veteran reported no history of painful or "trick" shoulder. 

An April 2011 Decision Review Officer Conference Report notes that the Veteran claimed that he hurt his right scapula in service when he hurt his back. 

On December 2011 VA examination, the diagnosis was acromioclavicular arthritis. The Veteran reported that he had not sought treatment for his shoulder since discharge 25 years previously and "used over-the-counter medication." He complained of pain and stiffness in the area of the superior medial border of the scapula. The examiner opined it was less likely than not that such disability was related to the Veteran's active service. The examiner explained that a "single note of right scapular pain with spine flexion" in the STRs is "not diagnostic of any specific problem or injury" and noted the 25 year history of no documented continuing complaints or treatments to indicate a chronic disabling condition. "After thorough physical examination and review of x-ray studies" there was no diagnosis of a chronic disabling right scapula condition. Regarding arthritis, the examiner opined that "X-ray changes and physical examination are compatible with [the Veteran's] age and senessence." 

It is not in dispute that the Veteran has a current right shoulder disability; acromioclavicular arthritis is diagnosed. STRs show complaints of right scapula pain after a fall in December 1984. Consequently, what the Veteran must still show to substantiate his claim is that the current acromioclavicular arthritis is related to the right scapula complaints and injury in service.

The Veteran's right scapula complaints in service were acute and resolved with no evidence of chronic residual pathology. As STRs and postservice treatment records do not show a diagnosis of a chronic right scapula disability, and there is otherwise no suggestion of one in the record, service connection for a right scapula disability on the basis that such became manifest in service and persisted is not warranted. 38 C.F.R. § 3.303(b). In that regard the Board finds that the Veteran's allegation that he has had a chronic right scapula disability with continuing [unreported/self-medicated] symptoms as a result of the inservice injury to be inconsistent with contemporaneous data (i. e. no mention of right scapula complaints in STRs after 1984 and normal upper extremities on subsequent civilian examinations), self-serving, and not credible. Notably, there is also a significant postservice interval prior to any notation of right scapula complaints. Moreover, the Veteran's postservice medical records show acromioclavicular arthritis was first documented/diagnosed on December 2011 VA examination. Consequently, service connection for acromioclavicular arthritis on a presumptive basis (as a chronic disease under 38 U.S.C.A. § 1112) is also not warranted. 38 C.F.R. § 3.307(a)(3).

What remains for consideration is whether the Veteran's current right shoulder disability may otherwise be related to his service. In the absence of evidence of injury/onset of chronic disability in service and continuity of symptoms since, this becomes a medical question. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

None of the Veteran's postservice medical records relate his present acromioclavicular arthritis to his service. The Board acknowledges the Veteran's statements relating his current disability to his injury in 1984. However, he is a layperson, and has not submitted any medical evidence or literature supporting his allegation of a nexus between his current right shoulder disability and his service/the remote injury therein. Therefore, his statements are not probative evidence.

The only competent (medical) evidence that specifically addresses the matter of a nexus between the Veteran's current right shoulder disability (acromioclavicular arthritis) and his service/injury therein is the opinion of the December 2011 VA examiner, who opined that there is no history of right scapula complaints or treatment to support a diagnosis of a chronic disabling condition and that the current acromioclavicular arthritis is "compatible with [the Veteran's] age and senessence." Because the VA examiner's opinion is supported by citation to supporting clinical data, reflects familiarity with the Veteran's complaints and history, and includes a clear explanation of rationale, it is probative evidence. As there is no competent evidence to the contrary, it is persuasive.

In light of the foregoing, the Board finds the preponderance of the evidence is against a finding that the Veteran's current right shoulder disability is related to his service/injury therein. Therefore, the benefit of the doubt doctrine does not apply; the appeal must be denied.


ORDER

Entitlement to service connection for a right shoulder disability, claimed as residuals of a right scapula injury, is denied.


REMAND

The Veteran claims that his bilateral knee disorders are a result of his service-connected back disability. The December 2011 VA examiner opined that the Veteran's current knee disabilities (degenerative joint disease, both knees) are less likely caused by or a result of his lumbar spine disability. However, no opinion was offered regarding aggravation. See 38 C.F.R. § 3.310. Governing law/caselaw provide that in adjudicating a secondary service connection claim VA must address the aggravation aspect of such claim. Accordingly, a new VA examination to secure an adequate medical opinion in this matter is necessary.

To date, the RO has not provided the Veteran the text of 38 C.F.R. § 3.310; the January 2012 statement of the case did not include that regulation. Since 38 C.F.R. § 3.310(b) institutes additional evidentiary requirements and hurdles that must be satisfied before aggravation may be conceded and service connection granted, the Veteran and his representative should be provided the appropriate regulation. 

Additionally, the most recent VA treatment records dated in August 2012. On remand, records of any ongoing treatment for the Veteran's bilateral knee and back complaints should be obtained. 

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran and his representative notice that includes the text of 38 C.F.R. § 3.310.

2. Obtain the names and addresses of all medical care providers, not previously identified, who have treated the Veteran for knee and/or back complaints since service. After securing the necessary release(s), obtain these records, including all pertinent VA treatment records since August 2012 to present.

3. After completion of the foregoing, schedule the Veteran for an appropriate VA examination to determine the current nature and likely etiology of his knee disabilities. The claims folder and copies of all pertinent records should be made available to the examiner for review. Based on examination of the Veteran and review of his claims file, the examiner should respond to the following: 

a) Address whether it is as likely as not (50 percent or greater probability) that any right and/or left knee disabilities, including degenerative joint disease, are proximately due to or have been aggravated by the Veteran's service-connected degenerative arthritis of the lumbar spine.

b) If aggravation is present, the clinician should indicate, to the extent possible, the baseline of the severity of the Veteran's conditions before the onset of the aggravation.

The examiner is informed that aggravation is defined for legal purposes as a chronic worsening of the underlying condition, versus a temporary flare-up of symptoms, beyond its natural progression. 

All opinions provided must be thoroughly explained, and an adequate rationale for any conclusions reached must be provided. If any requested opinion cannot be provided without resort to speculation, the examiner should state and explain why an opinion cannot be provided without resort to speculation. 

4. After completing the above, and any other development deemed necessary, readjudicate the claims. If either claim remains denied, issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs